**SAMOA SHARKFIN TRADING COMPANY, Plaintiff-Appellee**

v.

**HO PYO HONG, Defendant-Appellant**

High Court of American Samoa
Appellate Division

AP No. 01-98

June 25, 1999

Before RICHMOND, Associate Justice, GOODWIN,[*] Acting Associate Justice, and MUNSON,[**] Acting Associate Justice, SAGAPOLUTELE, Associate Judge, TAUANU'U, Temporary Associate Judge.

Counsel: For Appellant, Charles V. Ala`ilima
For Appellee, Aumoeualogo S. Salanoa

OPINION

GOODWIN, Acting Associate Justice:

Byung Soo Ki (d/b/a Sharkfin Trading Co.) ("Ki") sued Ho Pyo Hong ("Hong") to recover $100,000 which Ki claimed Hong owed for cash advances to be used to buy shark fins. Under the working arrangement between them, Ki was to provide Hong with cash with which Hong would purchase sharkfins from the Korean Deep Sea Fisheries Association ("KDSFA"). Hong was responsible for processing the sharkfins to make them suitable for export. Their practice was for Hong to deliver the processed fins to Ki, who would sell them and the parties from time to time would balance their accounts.

Although the business records provide scant documentation of the transactions between the parties, the trial court found that their usual practice was as described above, and that a balance was due from Hong to Ki. The court determined that Hong was indebted to Ki with respect to one transaction, a transfer of $50,000 made on October 21, 1991, but found in Hong's favor with respect to the other alleged cash advance of $20,000 dated November 2, 1991. Although Hong denied knowing anything about either of the transactions, he had acknowledged the $50,000 transaction and provided some details about it in documents provided to the court during the course of his separate action against KDSFA. The court used those documents to corroborate Ki's allegations with respect to the $50,000 transaction, but had no supporting evidence with respect to the $20,000 transaction.

Finally, the trial court found that the remaining amount, approximately $30,000 owed by Hong to Ki in the normal course of their business operations, had been the subject of an accord and satisfaction between the parties; Hong's debt had been discharged by the transfer of processing equipment and a new refrigerator to Ki, and Hong's

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable Alex R. Munson, Chief Judge, District Court for the Commonwealth of the Northern Marianas Islands, serving by designation of the Secretary of the Interior.

agreement to refrain from any activity in the sharkfin business.

While, on appeal Hong contests the trial court's determination with respect to the $50,000 transaction, there is nothing in the record to support his assertion of clear error on the facts. This court affords particular weight to the trial judge's assessment of conflicting and ambiguous facts, especially where the findings are based in part on the trial court's evaluation of conflicting evidence and live testimony. *Roman Catholic Diocese of Samoa Pago Pago v. Avegalio,* 20 A.S.R. 2d 70, 73 (App. Div. 1992) (citing a variety of Ninth Circuit precedent in accord).

Hong's principal argument on appeal is that the trial court departed from the issues framed by the pleadings and permitted the admission of testimony that Hong claims changed the plaintiff's theory of the case. We find no error on the part of the trial court in this respect.

■ Notice pleading rules provide that issues not raised in the pleadings but nonetheless tried by the express or implied consent of the parties are treated in all respects as if they had been raised in the pleadings. T.C.R.C.P. 15(b); Fed. R. Civ. P. 15(b). Hong did object to evidence about the $50,000 transaction, but Ki pointed out that the accounting attached to the complaint was consistent with evidence introduced during the trial. Furthermore, Hong acknowledges that Ki and other witnesses testified about the transaction during the trial. Indeed, Hong was questioned personally about the transaction during the trial, at which time he chose to deny any knowledge of it. Hong had actual notice of Ki's intent to litigate the $50,000 transaction, but the court could have found also that Hong impliedly consented to the trial of the issue.

■ Hong argues, correctly, that a court will not find implied consent where a party is prejudiced or unfairly surprised by the introduction of evidence beyond the scope of the pleadings. *Id.* at 1293-94. However, Hong cannot show that he was surprised in this case for the reasons mentioned above—he had notice of Ki's claim but chose to deny knowledge of it during trial. On the issue of prejudice, Hong could have asserted any known defenses or introduced relevant evidence at trial with respect to the $50,000 transaction. After denying entirely the existence of the transaction at trial, Hong cannot now reasonably suggest that he would have acted differently if Ki's pleadings had characterized the transaction as a loan rather than a cash advance.

Hong apparently argues that the trial court found that all outstanding debts between Hong and Ki were settled by the accord and satisfaction. Therefore, he contends, the $50,000 debt recognized by the trial court was discharged by the accord and satisfaction. This argument is without merit.

The trial court found that the equipment and forbearance agreement were given by Hong in exchange for the forgiveness of approximately $30,000 of outstanding debts. 1 A.S.R.3d 143, 145 (Trial Div. 1997). The trial court did not find that any and all outstanding debts were resolved by the parties, as Hong contends.

Hong does not expressly argue that the trial court's findings on this issue were erroneous, but appears to ask this court to hold that the accord and satisfaction included an additional $50,000 of indebtedness. In the absence of evidence suggesting that the court's ruling was in error, we have no basis for reversal.

## Conclusion

The trial division was presented with a business dispute, to be resolved in reliance on ambiguous fact, conflicting testimony and intentionally deceptive accounting records. The trial division was well-situated to evaluate the credibility of the witnesses and evidence offered by the parties. In the absence of credible evidence that casts doubt on the factual findings of the trial court, this court must affirm the trial court's judgment.

AFFIRMED.